FILED
NOV 30 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-40085 |
| Plaintiff, | |
| -vs- | ORDER DENYING MOTION TO SUPPRESS |
| PATRICK JOSEPH MARTIN, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Suppress Defendant's Interview and Written Statements. (Doc. 40.) A hearing was held on Wednesday, November 23, 2005. Defendant was personally present and represented by his counsel of record, Stephanie Amiotte. The Government was represented by Assistant United States Attorney Jeffrey Clapper. Postal Inspectors Mike Schaubschlager and Joseph Schneiders testified at the hearing. Additionally, both parties have submitted briefs and oral argument was heard at the conclusion of the hearing. After careful consideration of the evidence and arguments, the Court will deny the Motion to Suppress.

Defendant claims he was in custody at the time he made verbal statements and gave a written statement to Postal Inspectors Schaubschlager and Schneiders and, therefore, he should have been instructed of his legal rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). For many years, the Eighth Circuit relied on the various indicia of custody defined in *United States v. Griffin*, 922, F.2d 1343 (8th Cir. 1990). In *United States v. Czichray*, 378 F.3d 822, 827 (8th Cir. 2004), the Eighth Circuit cautioned that the *Griffin* factors are by no means exhaustive and should not be applied "ritualistically." The Court emphasized "an express advisement that the suspect is not under arrest and that his participation is voluntary" is the most obvious and effective means of demonstrating he has not been taken into custody. *Id.* at 826. Defendant Martin was informed the questioning was voluntary, that he was not under arrest, and that he was free to leave at any time. There was no evidence that Defendant was threatened or intimidated in any way, and he was not arrested at the end

of the interview. Considering the totality of the circumstances, Defendant was not in custody when Inspectors Schaubschlager and Schneiders interviewed him on February 13, 2005. Accordingly,

IT IS ORDERED that Defendant Patrick Martin's Motion to Suppress Interview and Written Statements, doc. 40, is denied.

Dated this 30th day of November, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(seal)   DEPUTY

2